IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN K. BOULB,
#04808-025

      Plaintiff,

v.

STEVE WELBY and ROBERT J. PALMER,

      Defendants.

Case No. 21-cv-01435-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    The plaintiff, Brian K. Boulb, a federal prisoner confined at USP - Leavenworth filed a complaint purportedly pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1346, 2671-2680, against Steve Welby and Robert J. Palmer (Doc. 2). Boulb asserts that Welby, his CJA Panel Attorney in the underlying criminal action, 4:12-cr-40097-JPG-1 (S.D. Ill.), prejudiced him by not investigating state court criminal matters (*Id*.). Boulb also incoherently and contradictorily asserts that Palmer was his lawyer "at the time of complaint" (Doc. 2, p. 2), and that Palmer was "the federal judge" (Doc. 2, p. 5).

    This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss an action against a governmental entity or officer of employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Rule 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir.), which holds,

> "In order to state a cause of action under 42 U.S.C. § 1983, … the plaintiff must allege that some person has deprived him of a federal right and … he must allege that the person who has deprived him of the right acted under color of state law. These elements must be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally." *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001).

The Federal Rules of Civil Procedure 8(a)(2) require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the standard need only "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

In addressing a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assess whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "Plausibility is not a symptom for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670 (7th Cir. 2016). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. These requirements ensure that the defendant receives "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

In his complaint, Boulb named Welby as a defendant because he was the attorney who represented him in his criminal proceedings (Doc. 2). To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct "was acting under color of state law". *Parratt v. Taylor,* 451 U.S. 527, 536 (1981). If the person did not act under color of state law, the action *must be dismissed*. *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982) (emphasis added).

The first inquiry in every § 1983 case is whether the plaintiff had been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCallan,* 443 U.S. 137, 140 (1979). An attorney, even a public defender appointed to represent a criminal defendant does not act under color of state law. *Polk County v. Dodson,* 454 U.S. 312 (1981).

To the extent Palmer was an attorney, the same standard would apply to him as to Welby. To the extent Palmer was a judge, he would be entitled to absolute judicial

immunity if his actions were within his jurisdiction and were performed in his judicial capacity. *John v. Barron,* 897 F.2d 1387, 1392 (7t Cir. 1990), *cert. denied,* 498 U.S. 1990.

Finally, this is not Boulb's first challenge regarding his criminal conviction. Indeed, he has sought habeas relief on multiple occasions as well as seeking compassionate release[1], most recently in September 2021. This Court has concerns that Boulb is again seeking habeas relief, albeit in a convoluted matter. Indeed, the U.S. Supreme Court has considered the relationship between 42 U.S.C. §1983 and 28 U.S.C. 2254[2], and held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983". *Heck v. Humphrey,* 512 U.S. 477, 481 (1994). Similarly, to challenge the validity of his trial and conviction, Boulb must present his request to the federal courts by means of a petition for writ of habeas corpus.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the Court **DISMISSES** this Complaint with prejudice for failure to state a cause of action under 42 U.S.C. §1983.

**IT IS SO ORDERED.**

**DATED: January 18, 2022**

/s/ Stephen P. McGlynn
**STEPHEN P. McGLYNN**
**U.S. District Judge**

---

[1] See 12-cr-40097 and 14-cv-737. Additionally, Boulb indicated in his Petition in his Complaint that he has "tried a 2241, 2255 and 60B (Doc. 2, p. 2).

[2] 2254 is the habeas remedy for state prisoners while 2241 is the remedy for federal inmates.